**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:23-CR-20271-LEIBOWITZ/AUGUSTIN-BIRCH**

UNITED STATES OF AMERICA,

  **Plaintiff,**

**v.**

**GARY COX,**

  **Defendant.**

_____/

**REPORT AND RECOMMENDATION ON CJA VOUCHER APPLICATIONS**

  This cause comes before the Court upon a referral from the Honorable David S. Leibowitz, United States District Judge. DE 322. Therein, Judge Leibowitz referred for a report and recommendation the matter of the Criminal Justice Act ("CJA") voucher applications submitted by Defendant Gary Cox's counsel, Attorneys G.P. Della Fera and Hector Flores. *Id.* Having carefully reviewed the record, the applications, and the billing records attached to the applications, the Court **RECOMMENDS** that the CJA voucher applications be **APPROVED**.

**I. Background**

  Defendant Gary Cox was charged by Superseding Indictment with massive health care fraud. Specifically, the Government alleged that Defendant Cox, and his two co-Defendants, caused federal health care plans to be billed in excess of one billion dollars for medical equipment and prescription drugs that "were procured through the payment of kickbacks and bribes, medically unnecessary, and ineligible for reimbursement." DE 76 at 14. Additionally, the Government estimated that federal health care plans paid $360,000,000 to medical equipment suppliers and pharmacies based on Defendant Cox and his co-Defendants' false and fraudulent claims. *Id.*

On August 8, 2023, Defendant Cox had his initial appearance, and Attorney G.P. Della Fera was appointed as counsel pursuant to the CJA. DE 21. Later on, Defendant Cox requested a second counsel pursuant to the CJA to serve as second chair, and Attorney Hector Flores was appointed. DE 65. Defendant Cox's case proceeded to a thirteen-day trial, after which a jury found Defendant Cox guilty on all charges. DE 242. Judge Leibowitz subsequently sentenced Defendant Cox to 180 months' imprisonment with 13 months of supervised release. DE 305.

Attorneys Della Fera and Flores have now submitted their CJA voucher applications for the Court's consideration. Attorney Della Fera seeks a total of $198,547.62, and Attorney Flores seeks a total of $186,305.37. The CJA Administrator slightly reduced Attorney Della Fera's total to $198,498.72, as the result of a reduction to the travel expenses Attorney Della Fera claimed.

## II. CJA Compensation Standards

At the conclusion of their representation, the CJA requires counsel appointed pursuant to the Act to be compensated for time expended in court, time reasonably expended out of court, and costs reasonably incurred. 18 U.S.C. § 3006A(d); *see also United States v. Santaya*, No. 14-20052-CR, 2015 WL 458066, at *1 (S.D. Fla. Feb. 3, 2015). "The district court, as the body empowered to 'fix' compensation of CJA-appointed Counsel, has the statutory authority and discretion to determine what is a reasonable expense or use of billable time." *Santaya*, 2015 WL 458066, at *2.

The CJA also imposes maximum payment amounts for representation. For instance, the CJA sets a cap of $7,000 per attorney for cases in which one or more felonies are charged. 18 U.S.C. § 3006A(d)(2). However, if a court certifies that a case involved "complex" or "extended" representation, the court can recommend a fee exceeding the CJA's statutory maximum. *Santaya*, 2015 WL 458066, at *2; *see also* 18 U.S.C. § 3006A(d)(3). "The court may find a case 'complex' if the legal or factual issues are unusual, thus requiring more time, skill and effort by the lawyer than would normally be required in an average case." *Santaya*, 2015 WL 458066, at *2 (ellipses

and quotation marks omitted). "A case is extended if more time is reasonably required for total processing than the average case." *Id.* (quotation marks omitted).

### III. Analysis

Although the amounts Attorneys Della Fera and Flores seek far exceed the statutory maximum the CJA imposes, their representation of Defendant Cox was complex and extended, to say the least. As previously stated, the Government charged Defendant Cox with over a billion dollars of health care fraud, which undoubtably required Attorneys Della Fera and Flores to review voluminous documentation. Indeed, over half of the out-of-court hours Attorneys Della Fera and Flores billed were for record review. Out of a total of 1,022.40 out-of-court hours billed, Attorney Della Fera billed 566.50 hours for record review. Similarly, out of a total of 953.40 out-of-court hours billed, Attorney Flores billed 556.30 hours for record review. Moreover, Attorneys Della Fera and Flores' representation of Defendant Cox lasted nearly two years, and this case involved numerous parties, attorneys, and witnesses. Given these considerations, the other out-of-court hours and expenses Attorneys Della Fera and Flores billed for interviews and conferences, legal research and brief writing, traveling, and investigative work are in keeping with the demands of this case. Finally, the trial in this case lasted thirteen days. As such, the 100 hours Attorney Della Fera billed and the 98 hours Attorney Flores billed, which comprise almost the entirety of their billed in-court hours, are consistent with the length of trial. The remaining in-court hours billed for attending Defendant Cox's arraignment, motion hearings, and sentencing are also appropriate given a review of the minute entries in this case.

### IV. Recommendation

For the foregoing reasons, the Court recommends certifying that Attorneys Della Fera and Flores' representation in this matter was extended and complex and waiving the CJA's statutory maximum on payments. The Court further recommends finding $198,498.72 to be reasonable

payment necessary to provide fair compensation for Attorney Della Fera and $186,305.37 to be reasonable payment necessary to provide fair compensation for Attorney Flores and awarding them those amounts.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 12th day of March, 2026.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE